# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARL WILLIAM DAVIS and SHANNON WALLER DAVIS | * |
| | * |
| Plaintiffs, | |
| | * |
| vs. | CASE NO. : 2021-cv-303-WS-N |
| | * |
| STATE FARM FIRE AND CASUALTY COMPANY, ALAN BROWN, JASON HAYNES, CHRIS BATY and NIALL STEWART, | * |
| | * |
| Defendants. | * |

## NIALL STEWART'S MOTION TO DISMISS, WITH PREJUDICE

Niall Stewart ("Stewart") moves the Court to dismiss the Complaint filed against him by Carl William Davis and Shannon Waller Davis, with prejudice, and as grounds sets forth the following:

1. The Complaint fails to state a claim upon which relief can be granted. As further support and grounds in support of this motion, Stewart shows the Court as follows:

2. The Complaint makes claims against Stewart for breach of contract (Count I), bad faith (Count II), negligent misrepresentation and suppression (Count III) and appraisal (Count V). All claims against Stewart are due to be dismissed, with prejudice.

### I. THE CLAIMS FOR BREACH OF CONTRACT AND BAD FAITH ARE DUE TO BE DISMISSED (COUNTS I AND II)

The complaint alleges that the Policy was issued by State Farm (Comp. ¶3). It does not allege that Brown was a party to the insurance contract. Because none of these individuals was a party to the contract, none can be liable for breach of contract. *Pate v. Rollison Logging Equip., Inc.,* 628 So.2d 337, 343 (Ala. 1993) ("Even if considered a broker or an agent, Rollison was not

1

a party to the insurance contracts and, therefore, could not be liable for breach of those contracts."). And, because the plaintiffs cannot maintain an action for breach of contract against Brown, they cannot maintain an action for bad faith against him. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.,* 551 So.2d 283, 285 (Ala.1989) ("The tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract."). No possibility exists that Plaintiffs have an actionable claim against Brown for breach of contract or bad faith.. *See Holderfield v. Allstate Ins. Co.,* No. 4:13-cv-074-RBP, 2014 WL 1600309, at *2 (N.D. Ala. April 21, 2014) (finding no possibility of actionable claim for breach of insurance contract or bad faith against individual defendants).

Counts I and II cannot state a claim against Stewart and are due to be dismissed.

## II.  ANY CLAIM FOR NEGLIGENT MISREPRESENTATION AND SUPPRESSION IS DUE TO BE DISMISSED (COUNT III)

### A.  Stewart Made No Allegations concerning the Policy

In their claim for "negligent misrepresentation and suppression,"[1] Plaintiffs allege that State Farm and the individual Defendants represented to the Plaintiffs "that they would be covered for storm losses as set forth in the Complaint." (Compl. ¶67). Plaintiffs allege that they relied on this representation and were injured "in that they paid premiums and commissions and then only when a loss occurred, after it was too late, did Defendants inform Plaintiffs that they would not be paid enough to cover the damages to their property, as they were promised under the Policy." (Compl. ¶¶ 68, 69). Thus, on the face of the Complaint, the alleged misrepresentation occurred before the payment of certain premiums and before the storm losses at issue.

---

[1] Although this Count is styled Negligent Suppression and "Suppression," there are no allegations of any material facts that were "suppressed."

The Complaint identifies Stewart as a "Claim Specialist" who "has handled this claim." (Compl. ¶14). There are no allegations that he was involved as an agent for State Farm in issuing the Policy or any renewals of that coverage, or that he spoke to Plaintiffs before the storm losses. His Declaration confirms that he had no involvement in the sale or issuance of the Policy, or any renewals, that he never spoke to, or communicated with, the Plaintiffs before the storm loss occurred, and that he only dealt with the Plaintiffs after the claim was made for the storm losses at issue. Declaration of Niall Stewart, Exhibit D to Notice of Removal Document 1.[2] There is no possibility that a court would find that the Complaint states a valid cause of action him for misrepresentations made prior to the storm losses at issue. *See Lewis v. State Farm Fire & Casualty Co.*, No. CA-10-0718-K-C, 2011 WL 521617, at *9 (S.D. Ala. Feb. 5, 2011), *adopting magistrate's report and recommendation*, 2011 WL 855616 (S.D. Ala. March 9, 2011) (Dubose, J.) (Where plaintiffs alleged that defendants failed to disclose material facts regarding their homeowners' policy being "issued" to them and that they relied thereon to their detriment in paying premiums and not seeking insurance through another company, there was "no possibility" they could establish fraud claim against individual claims adjuster who testified by affidavit that he never worked as an agent and was not involved in issuance of policies to insureds, including issuance of policy to plaintiffs; adjuster was fraudulently joined); *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1290 (M.D. Ala. 2011) (Insurance agent was fraudulently joined in an action brought by insureds under a homeowner's policy regarding the denial of a claim, where causes of action arose out of the insureds' purchase of their policy, and the agent was not at all involved in that transaction).

---

[2] Although this motion refers to Stewart's Declaration, State Farm respectfully submits the allegations of the Complaint, coupled with *Twombly/Iqbal* principles and Rule 9(b), are sufficient in and of themselves to support a dismissal of the claim for misrepresentation and suppression.

**B.      The Claims Made in Count III Cannot Withstand the Rule 12(b)(6) Scrutiny of *Twombly* and *Iqbal***

The claims made in Count III cannot sustain Rule 12(b)(6) scrutiny, because Plaintiffs did not plead facts to state a claim to relief that is plausible on its face so as to nudge their claims across the line from conceivable to plausible as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Court 1955, 167 LED 2d 929 (2007). Rule 8(a)(2) requires sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1939, 173 LED 868 (2009). A claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, 129 S. Ct. at 1949. As stated in *Twombly*, minimum pleading standards require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 550. The standard demands more than an unadorned, the defendant unlawfully-harmed-me accusation. *Iqbal,* 129 S. Court at 1949. As the Eleventh Circuit has explained, *Twombly*/*Iqbal* principals require that a plaintiff plead enough facts to state a claim to relief that is plausible on its face, whose allegations are enough to raise a right to relief above the speculative level. *Speaker v. U.S. Department of Health and Human Services For Disease Control and Prevention*, 623 F 3d 1371, 1380 (11th Cir. 2010). Here, Plaintiffs' claim is nothing more than an unadorned, the defendant unlawfully-harmed-me accusation – which is not enough.

Count III is due to be dismissed for failure to meet the requirements of *Twombly* and *Iqbal*.

**C.      Count III Lacks the Specificity Required by Rule 9(b)**

On its face, the claim of fraud is so lacking in specificity that no court could possibly find that it stated a valid of cause of action. Fed.R.Civ.Proc. 9(b) provides that when

fraud is averred, the circumstances constituting the fraud shall be stated with particularity.[3] "This does not require every element to be stated with particularity, but the pleader must use more than generalized or conclusionary statements setting out the fraud." *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288, 290 (Ala. 1981). "The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." *Id. (*Claim in complaint for fraud brought by insured against homeowner's insurer was insufficient where complaint showed neither time nor location of alleged misrepresentation and failed to allege identity of individuals who actually made misrepresentation); *see* also *Smith v. Cotton States Mut. Ins. Co.*, 154 So. 3d 141,    (Ala. Civ. App. 2014) ; *Crum v. Johns Manville, Inc.,* 19 So. 3d 208, 219 (Ala. Civ. App. 2009).

The claim of misrepresentation is devoid of any specificity regarding the circumstances constituting the alleged fraudulent promise that future storm losses, as alleged in the Complaint, "would be covered" under the Policy.  No time or place of this alleged promise is identified, nor is the identity of the individual making this promise disclosed.  No allegation is made that the promise was made with knowledge of an intent not to perform the promise.  No possibility exists that a court would conclude that these allegations are sufficient under Rule 9(b) to state a valid claim for fraud against Stewart (or any of the individual defendants), even assuming *arguendo* there were allegations and evidence that Stewart had any contact or communication with the Plaintiffs before the storm losses were sustained.  See *Kulback v. Unum Group Provident Life & Accident Ins. Co.*, No. 2:14-CV-1882-VEH, 2015 WL 13631181, at *7 n. 5 (N.D. Ala. Jan. 7, 2015) (Disability insurer's sales agent was fraudulently joined because here was "no possibility" that the plaintiff could maintain claim for promissory fraud against agent where, *inter alia*, there

---

[3]  Rule 9)b) Ala.R.Civ.Proc. is practically identical except it uses "averments" instead of "alleging."

was no allegation that, at the time of any alleged promise, the agent knew that there was never an intent to pay).

Count III is due to be dismissed for failure to plead with specificity.

### D. Plaintiffs Have Failed to Make Essential Allegations

Further, in alleging promissory fraud, as Plaintiffs have alleged here, an essential element is that the defendants made the promise with no intention of performing it. *See Robinson*, 399 So 2d at 290 (dismissal of fraud claim upheld where it failed to allege an intent by insurer not to perform the alleged fraudulent promise); *Bethel v. Thorn*, 757 So. 2d 1154,   (Ala. 1999) (Buyer of engine, transmission, and generators did not sufficiently plead claim of promissory fraud against president of corporation from which generators were to be purchased, based on representation that delivery of items would be timely; buyer failed to allege that president intended not to perform the acts promised).

Count III is due to be dismissed for failure to make required allegations.

### III. ANY CLAIM FOR APPRAISAL IS DUE TO BE DISMISSED (COUNT V)

Any claim for appraisal arises under the terms of the policy (Compl. ¶80) which must be a claim against State Farm.  Plaintiffs' claim, however, is against "Defendants."  Assuming Plaintiffs intended to make a claim for appraisal against "Defendants" and not just State Farm, this claim should be dismissed because any claim for appraisal would be a claim against State Farm pursuant to the policy. In addition, if this is an attempt to plead some type of negligent claim handling against Stewart, such a claim is improper pursuant to *Kervan v. Southern Guaranty*.

### CONCLUSION

The Complaint against Niall Stewart is due to be dismissed, with prejudice.

/s/ James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
WILLIAM W. WATTS (WATTW5095)
THOMAS RYAN LUNA (LUNAT2309)
Attorneys for Defendants

OF COUNSEL:
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521
Email: jbn@helmsinglaw.com
       www@helmsinglaw.com
       trl@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 12th day of July, 2021.

   s/ James B. Newman
OF COUNSEL

4826-8683-0833, v. 1