IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL WILLIAM DAVIS, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 21-0303-WS-N |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff Carl William Davis's Unopposed Motion to Extend Stay (doc. 40).

On October 13, 2021, defendants filed a Suggestion of Death (doc. 35) reflecting that plaintiff Shannon Waller Davis has died. On October 18, 2021, the undersigned entered an Order (doc. 39) pursuant to Rule 25(a), Fed.R.Civ.P., staying this action through January 11, 2022. The October 18 Order directed plaintiffs' counsel to file, on or before January 11, either an appropriate motion to substitute pursuant to Rule 25(a) or a statement that plaintiff Carl William Davis intends to proceed as the sole plaintiff in this action.

In the Motion to Extend Stay, plaintiffs' counsel explains that a hearing on the Petition to Probate Shannon Davis's Last Will and Testament is set for January 3, 2022, but that there may be delays thereafter in issuance of Letters Testamentary. Plaintiffs' counsel further explains that she will be out of the country through January 9, 2022 and may reasonably require additional time to file an appropriate motion for substitution. On that basis, plaintiffs' counsel requests that the stay be extended, and that substitution be allowed, for some unspecified period "beyond January 11, 2022." (Doc. 40, PageID.465.) Plaintiffs' counsel represents that defendants do not oppose the enlargement "to the extent that Rule 25(a) of the Federal Rules of Civil Procedure allows this additional time beyond 90-days." (*Id.*)

As an initial matter, the Court finds that extensions of the Rule 25(a) substitution period beyond the original 90 days are permissible upon a showing of good cause. *See Hall v.*

*Infirmary Health System*, 2008 WL 1774164, *1 (S.D. Ala. Apr. 15, 2008) ("The history of Rule 25(a) and Rule 6(b) makes clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.") (citation omitted); *see also Lizarazo v. Miami-Dade Corrections and Rehabilitation Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017) ("The District Court's ruling was … based on its mistaken understanding that it could not extend Rule 25's ninety-day period. But to the contrary, Rule 6(b) permits the Court to extend the Rule 25 ninety-day period for good cause with or without motion."). Moreover, the Court concludes that plaintiffs' timely motion has made an adequate showing of good cause to warrant enlargement of that Rule 25 period. Accordingly, in the exercise of the Court's discretion, plaintiff's Unopposed Motion to Extend Stay (doc. 40) is **granted** pursuant to Rule 6(b), Fed.R.Civ.P. Plaintiffs' motion for substitution must be filed on or before **January 25, 2022**. At that time, the stay will be lifted and an amended scheduling order will be entered.

DONE and ORDERED this 16th day of December, 2021.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE