# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CARL WILLIAM DAVIS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 21-0303-WS-N** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendants' motions to dismiss. (Docs. 6, 32, 34).[1]  The parties have filed briefs in support of their respective positions, (Docs. 6, 32, 34, 47-52), and the motions are ripe for resolution.  After careful consideration, the Court concludes the motions are due to be granted.


## BACKGROUND

According to the complaint, (Doc. 1-1 at 2-18), the plaintiffs' home ("the Property") was insured under a policy ("the Policy") issued by the entity defendant ("State Farm").  The Property was damaged by wind and hail in October 2019.  Three of the four individual defendants (Brown, Haynes and Baty) handled the resulting claim, and the final individual defendant (Stewart) was designated by State Farm to handle the appraisal.  This appraisal never occurred, and State Farm refused to pay the $91,439.44 in damages calculated by the plaintiffs' adjuster, instead offering $4,862.20 based on its own damages estimate.

The complaint asserts five causes of action: (1) breach of contract; (2) bad faith refusal to investigate and pay valid claims; (3) negligent misrepresentation

---

[1] One motion to dismiss includes an alternative motion for summary judgment. (Doc. 34 at 1).  Pursuant to Rule 12(d), the Court excludes the evidentiary materials submitted by the movants.  Accordingly, the alternative motion for summary judgment is **denied as moot**.

and suppression; (4) negligent hiring, training, supervision and retention; and (5) appraisal.  State Farm is expressly identified as the only defendant under Count IV.  Counts I and II allege that State Farm breached the contract and committed the tort of bad faith, yet their *ad damnum* clauses demand judgment "against Defendants," collectively.  Count III expressly alleges that all five defendants made misrepresentations to the plaintiffs, and Count V expressly alleges that all five defendants improperly rejected the plaintiffs' demand for an appraisal.

## DISCUSSION

### A.  Breach of Contract.

The contract at issue is the Policy.  State Farm does not seek dismissal of this claim, but the individual defendants seek dismissal on the grounds that the complaint fails to allege that they are parties to the Policy.  (Doc. 32 at 3; Doc. 34 at 2).  The plaintiffs stipulate to the dismissal of this claim as to all four individual defendants.  (Doc. 47 at 4; Doc. 48 at 4).

### B.  Bad Faith.

State Farm does not seek dismissal of this claim, but the individual defendants seek dismissal on the grounds that a claim for bad faith lies only against a contracting party.  (Doc. 32 at 3; Doc. 34 at 2).  The plaintiffs stipulate to the dismissal of this claim as to all four individual defendants.  (Doc. 47 at 4; Doc. 48 at 4).

### C.  Misrepresentation and Suppression.

Count III alleges a single sort of misrepresentation: that the defendants "represented to Plaintiffs that they would be covered for storm losses as set forth in this Complaint."  (Doc. 1-1 at 14)  Count III alleges a single sort of suppression:  that the defendants, prior to the subject loss, did not "inform Plaintiffs that they would not be paid enough to cover the damage to their

Property." (*Id*.). Count III alleges a single sort of reliance on these misrepresentations and failures to disclose: that the plaintiffs "paid premiums and commissions." (*Id*.). As the Court noted in its order denying the plaintiffs' motion to remand, (Doc. 27 at 5-6), Count III by its terms is limited to misrepresentations and suppressions occurring before the subject loss, and it therefore can implicate the individual defendants only if the complaint alleges that they had some involvement with the plaintiffs or the Policy prior to the loss.

The complaint includes no such allegation. On the contrary, the complaint clearly limits the individual defendants' involvement to the post-loss period, alleging only that Brown (a claims specialist), Haynes (a team manager), and Baty (an independent adjuster) "handled this claim" and that Stewart "was the designated appraiser," per State Farm's December 2020 designation. (Doc. 1-1 at 4, 7-8).

The individual defendants present this argument, (Doc. 32 at 3-4; Doc. 34 at 5-6), and the plaintiffs have not effectively responded to it. Instead, they assert post-loss misrepresentations and suppressions that are not alleged in Count III or elsewhere in the complaint. (Doc. 48 at 4-5). The plaintiffs cannot avoid dismissal by resort to allegations not appearing in their pleading.

State Farm first argues that "there is nothing in Count III which relates to or supports suppression." (Doc. 6 at 1). The Court cannot agree. Count III makes clear that the fact allegedly suppressed was that the plaintiffs "would not be paid enough to cover the damage to their Property, as they were promised under the Policy." (Doc. 1-1 at 14).

As to misrepresentation, State Farm offers several arguments. First, State Farm argues that Count III alleges "nothing more than a breach of contract." (Doc. 6 at 3). Again, the Court cannot agree. Count III alleges that State Farm "represented to Plaintiffs that they would be covered for storm losses as set forth in this Complaint." (Doc. 1-1 at 14). The storm losses set forth in the complaint focus on damage to an asbestos roof, which becomes unsafe for humans once

damaged and which cannot be repaired but only removed and replaced, using costly asbestos abatement procedures. (*Id.* at 6). Misrepresentations as to the scope of coverage will support a fraud claim. *E.g., Alfa Mutual Insurance Co. v. Northington*, 561 So. 2d 1041, 1045 (Ala. 1990).

State Farm believes that Count III's reference to payment "as [the plaintiffs] were promised under the Policy," (Doc. 1-1 at 14), serves to limit the source of the representation as to coverage to the terms of the Policy itself. (Doc. 6 at 2). The quoted language, however, may with equal facility be read as alleging that persons associated with State Farm assured the plaintiffs that the Policy provided certain coverage. The language which State Farm quotes from the factual background section of the complaint, (*id.*), certainly addresses the Policy and its breach, but this is hardly surprising, given that the complaint includes a claim for breach of contract; this language thus does not restrict the plaintiffs' fraud claim to representations contained within the Policy.

State Farm next argues that, because Count III "is nothing more than a claim for breach of contract," the plaintiffs were required to allege that "the representations were made with intent to deceive and with no intent at the time of the representations were made to carry them out." (Doc. 6 at 3 (internal quotes omitted)). Because, as noted in the preceding paragraph, State Farm has not demonstrated that Count III rests on the language of the Policy as opposed to a representation regarding the coverage provided by the Policy, its premise fails along with its conclusion.[2]

---

[2] "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted). The elements of promissory fraud include an intention, existing at the time of the misrepresentation, not to perform as promised, as well as an intent to deceive. *E.g., Alabama River Group, Inc., v. Conecuh Timber, Inc*., 261 So. 3d 226, 245 (Ala. 2017). State Farm, however, has not characterized Count III as a claim for promissory fraud. Nor is it clear that Count III is such a claim. Although Count III alleges that State Farm represented that the plaintiffs "would be covered" for certain storm losses should they occur, if the representation was

Finally, State Farm argues that Count III does not allege either misrepresentation or suppression with the particularity required by Rule 9(b). (Doc. 6 at 4). "A plaintiff satisfies Rule 9(b) if the complaint includes (1) precisely what statements were made in what documents [or oral representations] or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) each statement; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud." *Crawford's Auto Center, Inc. v. State Farm Mutual Automobile Insurance Co*., 945 F.3d 1150, 1159 (11th Cir. 2019) (internal quotes omitted).

State Farm argues that Count III fails to address the second of these requirements, as to either time or place or identity. (Doc. 6 at 4). The plaintiffs say the complaint addresses all these items, (Doc. 49 at 8), but their argument, and the materials they cite, address only post-loss matters. As noted previously, Count III alleges no post-loss misrepresentation or suppression. With respect to any pre-loss misrepresentation, the complaint is as devoid of particularity as State Farm asserts.

### D. Negligent Employment.[3]

Count IV alleges that State Farm negligently hired, trained, supervised and/or retained the individual defendants (and perhaps some unidentified non-defendants), resulting in misconduct as described in the complaint. (Doc. 1-1 at

---

one describing the coverage provided by the Policy, it may be considered as one describing an existing fact. *See Northington*, 561 So. 2d at 1045 (a misrepresentation as to "the extent of coverage under the policy" was one "involv[ing] a material existing fact").

[3] For convenience, the Court uses this umbrella term to encompass the various aspects of the plaintiffs' claim.

15-17).  State Farm argues that, because it references a duty of care resting on State Farm in providing coverage under the Policy and in its employment of persons to fulfill that duty of care, (*id*. at 15), Count IV is "simply a contract claim."  (Doc. 6 at 4-5).  On the contrary, this allegation merely identifies the genesis of the parties' relationship, with that relationship giving rise to a duty on State Farm regarding its employment of fit personnel.  The allegation does not convert the plaintiffs' tort claim into a contract claim.

State Farm also argues that the complaint fails to allege the elements of a claim of negligent employment.  As this Court has recognized, "such a claim requires a showing that (1) the employee committed a tort recognized under Alabama law; (2) the employer had actual notice of this conduct or would have gained such notice if it exercised due and proper diligence; and (3) the employer failed to respond to this notice adequately."  *James v. Nationstar Mortgage, LLC*, 92 F. Supp. 1190, 1200 (S.D. Ala. 2012) (internal quotes omitted).  As State Farm notes, (Doc. 6 at 3), the complaint alleges none of these elements.[4]  The plaintiffs offer no discernible argument to the contrary.

### E. Appraisal.

Count V alleges that the defendants improperly rejected the plaintiffs' demand for an appraisal "under the terms of the Policy."  (Doc. 1-1 at 17).  State Farm does not seek dismissal of this claim.  The individual defendants seek dismissal because it arises under the Policy, to which they were not a party.  (Doc. 32 at 6-7; Doc. 34 at 7).  The plaintiffs respond that Count V, at least as to the individual defendants, is actually based on their "misrepresenting the intent to proceed with appraisal."  (Doc. 47 at 12; Doc. 48 at 12-13).  Because Count V

---

[4] The second and third of these elements are entirely unaddressed by the complaint.  The only reference to tortious conduct by any employee or agent of State Farm is in Count III.  Because, as discussed in Part C, that count is due to be dismissed, it is not available to satisfy the pleading requirement regarding the first element.

addresses none of the elements of a fraud claim, it is due to be dismissed as to the individual defendants.

**F. Prejudice/Leave to Amend.**

The individual defendants (but not State Farm) seek dismissal with prejudice.  (Doc. 32 at 1, 8; Doc. 34 at 1, 2, 8).  The plaintiffs ask for leave to file an amended complaint or, in the alternative, that dismissal be without prejudice so that they may, after conducting discovery, reassert the dismissed fraud claims based on information gleaned in the discovery process.  (Doc. 49 at 6-7, 13-15). The individual defendants in their reply briefs do not address the request for leave to amend but insist that dismissal be with prejudice pursuant to Rule 41(b) and to prevent the plaintiffs from filing a second lawsuit raising dismissed claims.  (Doc. 51 at 2; Doc. 52 at 2).

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  While "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court," *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc), that exception does not apply here, where the plaintiffs have expressly sought leave to amend.

The defendants do not assert that amendment would be futile, and it is not evident to the Court that the plaintiffs cannot on amendment supply sufficient allegations to state claims for fraud and negligent employment.  The plaintiffs therefore will be given an opportunity to file an amended complaint.  However, should the plaintiffs ultimately prove unable to correct their pleading deficiencies, dismissal will be with prejudice, even though such a ruling would precede the completion of discovery.  This is so because "dismissal for failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits,"
*Federated Department Stores, Inc., v. Moitie*, 452 U.S. 394, 399 n.3 (1981), and
"a motion to dismiss based on failure to state a claim for relief … should … be
resolved before discovery begins."  *Isaiah v. JPMorgan Chase Bank*, 960 F.3d
1296, 1308-09 (11th Cir. 2020) (internal quotes omitted); *see also Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 … does not unlock the doors of
discovery for a plaintiff armed with nothing more than conclusions.").

## CONCLUSION

For the reasons set forth above, State Farm's motion to dismiss Counts III
and IV is **granted**, and the individual defendants' motions to dismiss Counts I
through V is **granted**.  Counts I and II as to the individual defendants are
**dismissed with prejudice** and without leave to amend.  Count III as to all
defendants, Count IV as to State Farm, and Count V as the individual defendants,
are **dismissed**, with leave to amend.  The plaintiffs are **ordered** to file and serve
their amended complaint on or before **May 23, 2022**, failing which the dismissal
of these claims will be with prejudice and without further leave to amend.[5]

DONE and ORDERED this 2nd day of May, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] As this opinion reflects, to the extent Brown was named as a defendant under
Counts I, II and/or V, there is no possibility that a state court would find these counts to
state a cause of action against him.  The Court's previous ruling that Brown was
fraudulently joined for purposes of determining diversity of citizenship, (Doc. 27 at 4-6),
thus remains intact, and the Court's subject matter jurisdiction is confirmed.